IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KATRINA RUCKER, | ) CIVIL NO. 16-00492 KSC |
| Plaintiff, | ) ORDER GRANTING (1) DEFENDANT'S ) MOTION TO QUASH PLAINTIFF'S |
| vs. | ) SUBPOENAS DATED APRIL 14, 2017 ) AND (2) STARR ADJUSTMENT |
| AIR VENTURES HAWAII, LLC, | ) SERVICES, INC.'S MOTION TO ) QUASH SUBPOENA DATED APRIL 18, |
| Defendant. | ) 2017 |
| STARR ADJUSTMENT SERVICES, INC., | ) MISC. NO. 17-00133 DKW-KSC |
| Petitioner, | ) |
| vs. | ) |
| KATRINA RUCKER, | ) |
| Respondent. | ) |

ORDER GRANTING (1) DEFENDANT'S MOTION TO QUASH
PLAINTIFF'S SUBPOENAS DATED APRIL 14, 2017 AND
(2) STARR ADJUSTMENT SERVICES, INC.'S MOTION
TO QUASH SUBPOENA DATED APRIL 18, 2017

Before the Court are (1) Defendant Air Ventures Hawaii, LLC's ("Air Ventures") Motion to Quash Plaintiff's Subpoenas Dated April 14, 2017 and (2) Starr Adjustment Services, Inc.'s ("Starr") Motion to Quash Subpoena Dated April 18, 2017. These matters came on for hearing on June 27, 2017. Katrina Rucker appeared pro se by telephone;[1] Stephen

---

[1] Ms. Rucker did not request permission to appear telephonically even though the Court directed her to do so. Civil No. 16-00492 KSC, Doc. No. 108 (emphasis added) ("The

Dyer, Esq., appeared on behalf of Air Ventures; and Lyle Hosoda, Esq., appeared on behalf of Starr.

After careful consideration of the Motions, the arguments of Ms. Rucker and counsel, and the applicable law, the Court HEREBY GRANTS the Motions for the reasons stated below.

## BACKGROUND

Between April 14 and 18, 2017, Ms. Rucker mailed (via certified mail) subpoenas to Air Ventures,[2] commanding the production of documents by April 28, 2017. The subpoenas were addressed to Air Ventures' (1) General Manager Jill Briley; (2) liability insurance company adjuster Shari Thompson; and (3) pilots Eric Johnson, Brian Fitchett, Paul Fulghum, and Harry Dalsay. With respect to Messrs. Johnson, Fitchett, Fulghum, and Dalsay, the subpoenas requested "[a]ll

---

Court declines to grant Plaintiff blanket authorization to appear by telephone. There are instances where her personal appearance/attendance will be required. **Any request to appear by telephone must be made well in advance of the applicable proceeding** and will be decided on a case-by-case basis."). The Court nevertheless contacted her and permitted her to appear by telephone. Such courtesies will not be extended in the future. If Ms. Rucker fails to timely request permission to appear telephonically, the Court will expect her to personally appear or assume she has elected not to participate in a hearing or other proceeding.

[2] The subpoenas were mailed directly to Air Ventures, not to counsel.

school records (elementary to present), all psychological evaluations, church records, military records, a fifty year employment history list, and all safety training classes attended. Bank records January 2014 to present." Air Ventures' Mot., Ex. A. The same information was requested of Ms. Briley, along with 39 additional categories of documents. Id. Ms. Thompson was asked to produce "[a]ll files, claims, records, communications, documents, transcripts, emails, electronically stored information, photos, video, and any or all materials related to Air Ventures Hawaii LLC." Id. The subpoenas were received on or around April 24, 2017.

By letter dated April 19, 2017, Ms. Rucker requested that the Clerk of Court issue the subject subpoenas. Civil No. 16-00492 KSC, Doc. No. 86. The Clerk of Court issued the subpoena directed to Mr. Fitchett, but returned the remaining five due to deficiencies with the subpoenas. Id., Doc. No. 87.

The present Motions followed.

ANALYSIS

Air Ventures and Starr move to quash the subject subpoenas for the following reasons: (1) they were not signed by the Clerk of Court; (2) they were improperly served by certified mail; (3) the subpoena addressed to Ms. Thompson

3

misidentified Starr; (4) the subpoenas failed to give sufficient time to comply; (5) the requests are unreasonable and oppressive; and (6) the documents requested of Ms. Thompson constitute trial preparation materials.

Plaintiff did not file a written opposition to either Motion,[3] though she believes the subpoenas are necessary to obtain discovery and that because Air Ventures has requested certain of her personal and medical records, she is entitled to blanket discovery from the subpoenaed individuals. Ms. Rucker's arguments are without merit and are rejected in their entirety.[4]

---

[3] Ms. Rucker referenced exhibits at the hearing, but none were formally presented to the Court for consideration. If Ms. Rucker is referring to documents included with a Certificate of Service filed on May 24, 2017, Civil No. 16-00492 KSC, Doc. No. 100, the Court notifies her that this is an improper means of presenting exhibits to the Court. Certificates of service are meant to document service of the documents referenced therein; they should not include the documents themselves. Civil No. 16-00492 KSC, Doc. No. 70 (emphasis added) ("certificate of service <u>referencing</u> discovery related documents may be filed"). The docket is not a repository for all documents exchanged by the parties and certificates of service are not vehicles by which to file documents that Ms. Rucker wishes to be considered by the Court with respect to specific motions.

[4] Rejection of Ms. Rucker's meritless arguments does not constitute mistreatment or discrimination. The Court applies the law equally to all and Ms. Rucker's unsupported belief that she is entitled to certain relief does not make it so, nor has the Court acted improperly by issuing rulings in accordance with the relevant law.

Federal Rule of Civil Procedure ("FRCP") 45(a)(3) requires that the Clerk "issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court." Fed. R. Civ. 45(a)(3).

At the hearing, Ms. Rucker complained about the lack of established procedures for pro se litigants regarding the issuance of subpoenas. The Court has already informed Ms. Rucker that it is not the Court's job, nor the job of district court staff, to counsel her and assist with the prosecution of her case. Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir. 1986) ("First and foremost is that pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record."). Throughout the course of this litigation, Ms. Rucker has accused the Court and staff of mistreatment, but that is based on her misapprehension that she is entitled to special treatment, as well as assistance and relief not provided for by the rules. The Federal and/or Local Rules set forth the applicable procedures for conducting discovery, including the issuance of subpoenas. Ms. Rucker, like all other litigants, must consult and follow those rules. Local Rule 83.13 ("*Pro se* litigants shall abide by all local,

federal, and other applicable rules and/or statutes.").

FRCP 45(a)(3) requires that a subpoena be signed by the Clerk or by an attorney. The subject subpoenas were not signed by the Clerk and given that Ms. Rucker is not an attorney, her signature alone does not validate the subpoena. Curiously, Ms. Rucker mailed the subject subpoenas to the respective individuals before requesting that the Clerk of Court issue the subpoenas.[5] Although the Clerk of Court issued the subpoena addressed to Mr. Fitchett, the record indicates that he was not served with that version of the subpoena.

FRCP 45(b), which governs the service of subpoenas, provides:

> (1) By Whom and How; Tendering Fees. Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

Fed. R. Civ. P. 45(b)(1). This requirement has been interpreted to require personal service. Chima v. U.S. Dep't

---

[5] The subpoenas were dated and mailed on or around April 14 and 18, 2017. The letter to the Clerk of Court was dated April 19, 2017 and received by the Court on April 21, 2017.

6

of Defense, 23 Fed. Appx. 721, 724 (9th Cir. 2001); Prescott v. Cty. of Stanislaus, No. 1:10-CV-00592 JLT, 2012 WL 10617, at *3 (E.D. Cal. Jan. 3, 2012); Fujikura Ltd. v. Finisar Corp., No. 15MC80110HRLJSC, 2015 WL 5782351, at *5 (N.D. Cal. Oct. 5, 2015). Insofar as Ms. Rucker failed to personally serve the subpoenas, they are quashed.

The Court must also quash the subpoenas because they are unduly burdensome and failed to allow reasonable time to comply. Courts must quash or modify subpoenas that: "(i) fail[] to allow a reasonable time to comply; (ii) require[] a person to comply beyond the geographical limits specified in Rule 45(c); (iii) require[] disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subject[] a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

The subpoenas were received on April 24, 2017, and the compliance date was April 28, 2017. Four days is an unreasonable amount of time to comply. Gordon v. Sonar Capital Mgmt. LLC, No. C 15-80080 LB, 2015 WL 1227848, at *2 (N.D. Cal. Mar. 15, 2015) ("The question of whether the time to comply with a subpoena is a fact-specific inquiry; courts generally have found that fewer than ten days is not reasonable.").

Furthermore, the document requests are grossly overbroad and irrelevant. For example, as noted above, Ms. Rucker requested "[a]ll school records (elementary to present), all psychological evaluations, church records, military records, a fifty year employment history list, and all safety training classes attended. Bank records January 2014 to present."[6] Air Ventures' Mot., Ex. A. Ms. Rucker is not entitled to the supboenaed individuals' personal history and information as requested. There are no limitations as to time or breadth of the request. In addition to the fact that the inquiries are irrelevant, the subpoenaed individuals would suffer undue burden if forced to respond.

To the extent the documents requested of Ms. Thompson were prepared in anticipation of litigation, they would be protected by the work product doctrine and would not be subject to production. For this and the many reasons articulated above, the Court must quash the subpoenas.

---

[6] At the hearing, Ms. Rucker claimed to have merely copied the language employed by Air Ventures in making her document requests. Ms. Rucker must understand that she has placed much of her personal history and information and medical records at issue because she initiated this lawsuit and is seeking damages. The subpoenaed individuals' life histories are irrelevant.

CONCLUSION

In accordance with the foregoing, the Court HEREBY GRANTS (1) Air Ventures' Motion to Quash Plaintiff's Subpoenas Dated April 14, 2017 and (2) Starr's Motion to Quash Subpoena Dated April 18, 2017.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaii, June 27, 2017.



_____
Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 16-00492 KSC; RUCKER V. AIR VENTURES HAWAII, LLC; ORDER GRANTING (1) DEFENDANT'S MOTION TO QUASH PLAINTIFF'S SUBPOENAS DATED APRIL 14, 2017 AND (2) STARR ADJUSTMENT SERVICES, INC.'S MOTION TO QUASH SUBPOENA DATED APRIL 18, 2017