IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STARR ADJUSTMENT SERVICES, INC., | ) MISC. NO. 17-00133 DKW-KSC ) ) ORDER GRANTING PETITIONER'S |
| Petitioner, | ) MOTION FOR ATTORNEYS' FEES AND ) COSTS |
| vs. | ) ) |
| KATRINA RUCKER, | ) ) |
| Respondent. | ) ) |

ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEYS' FEES AND COSTS

Before the Court is Petitioner Starr Adjustment Services, Inc.'s ("Starr") Motion for Attorneys' Fees and Costs, filed July 12, 2017. On July 26, 2017, Starr filed a Statement of Consultation, representing that Respondent Katrina Rucker did not respond to its request for consultation.[1] On July 28, 2017, Plaintiff filed a "Certificate of Service: Response to Starr's Request for Phone Conference"[2] in <u>Rucker v. Air Ventures Hawaii, LLC</u>, Civil No. 16-00492 KSC, the civil action to which this miscellaneous case relates. Civil No. 16-00492 KSC, Doc. No. 118. The response, improperly filed and incorrectly submitted in

---

[1] Because this is not a motion for attorneys' fees pursuant to Federal Rule of Civil Procedure 54, a statement of consultation is unnecessary. However, the Court appreciates Starr's efforts to engage in the consultation process.

[2] The Court has already informed Plaintiff that certificates of service referencing discovery-related documents may be filed, but not the documents themselves. Civil No. 16-00492 KSC, Doc. Nos. 58, 60, 70. This is an example of an improper use of a certificate of service.

Rucker, stated:

> I am currently in the middle of preparing for an April 2018 District Court trial, and as I am also recovering from a concussion, I can not [sic] assist you with a phone conference at this time. I will be available on June 22, 2018 at 12pm (pacific standard time).

Id.

Plaintiff did not file an opposition to Starr's Motion. After careful consideration of Starr's submissions and the applicable law, the Court HEREBY GRANTS the Motion for the reasons stated below.

BACKGROUND

In Rucker, by letter dated April 19, 2017, Ms. Rucker submitted a "formal application request for the attached six(6) subpoenas needed for immediate serving," which included a subpoena addressed to "Shari Thompson/Star Companies Insurance". Civil No. 16-00492 KSC, Doc. No. 86. The Clerk of Court responded on April 24, 2017, and returned the subject subpoena to Plaintiff because it did not include Plaintiff's contact information. Civil No. 16-00492 KSC, Doc. No. 87. In her response, the Clerk of Court advised Plaintiff that she may resubmit the subject subpoena for issuance after providing the requisite information. Id.

On or around April 24, 2017, Starr received the subject subpoena.

On April 28, 2017, Starr filed a Motion to Quash Subpoena Dated April 18, 2017.

On June 28, 2017, this Court issued an Order Granting (1) Defendants' Motion to Quash Plaintiff's Subpoenas Dated April 14, 2017 and (2) Starr Adjustment Services, Inc.'s Motion to Quash Subpoena Dated April 18, 2017 ("Order"). Doc. No. 10. The Court quashed the subject subpoena, along with others, because Ms. Rucker failed to obtain the signature of the Clerk of Court; she failed to personally serve the subpoenas; and the subpoenas were unduly burdensome and provided insufficient time to comply.

## DISCUSSION

Starr presently requests $4,802.50 in attorneys' fees and $46.00[3] in costs against Ms. Rucker as a sanction for her violation of Federal Rules of Civil Procedure ("FRCP") 26(g)(1)(B) and 45(d)(1). FRCP 45(d)(1) provides:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

Fed. R. Civ. P. 45(d)(1). FRCP 45(d)(1) sanctions are discretionary, Legal Voice v. Stormans, Inc., 738 F.3d 1178, 1185

---

[3] Starr paid $47.00 in total.

(9th Cir. 2013), and "courts have discretion over the type and degree of sanction imposed." Mount Hope Church v. Bash Back!, 705 F.3d 418, 425 (9th Cir. 2012). One form of permissible sanction is payment of the opposing counsel's attorneys' fees. Id.

A party is not exposed to sanctions merely because it has lost a motion to compel. Legal Voice, 738 F.3d at 1185 (citing Mount Hope Church, 705 F.3d at 425-27). "Similarly, while failure narrowly to tailor a subpoena may be a ground for sanctions, the district court need not impose sanctions every time it finds a subpoena overbroad; such overbreadth may sometimes result from normal advocacy, which we have said should not give rise to sanctions." Id. (citing Mount Hope Church, 705 F.3d at 426). Sanctions may be imposed, however "when a party issues a subpoena in bad faith, for an improper purpose, or in a manner inconsistent with existing law." Id. (citing Mount Hope Church, 705 F.3d at 425, 428; Mattel, Inc. v. Walking Mountain Prods., 353 F.3d 792, 814 (9th Cir. 2003)).

FRCP 26(g)(1)(B) "requires parties seeking discovery to act (1) consistently with the rules of existing law or with good reason to change the law; (2) without bad faith; and (3) reasonably without imposing undue burden or expense considering the needs of the case." Mount Hope Church, 705 F.3d at 425. A violation of any of these duties without substantial

justification mandates the imposition of an appropriate sanction, such as reasonable expenses, including attorneys' fees, caused by the violation.  Id.; Fed. R. Civ. P. 26(g)(3).[4]  "Because Rule 45[(d)](1) gives 'specific application' to Rule 26(g), it follows that a violation of any one of the Rule 26 duties will be relevant to assessing propriety of sanctions under Rule 45[(d)](1)'s 'undue burden' language."  Mount Hope Church, 705 F.3d at 425.

Here, an award of sanctions is appropriate because the subpoena imposed an undue burden on Starr, it was inconsistent with existing law, and Ms. Rucker's failures were without substantial justification.  As already noted, Ms. Rucker failed to obtain the signature of the Clerk of Court; she failed to personally serve the subpoena; and the subpoena was unduly burdensome and failed to allow reasonable time to comply.  The failure to obtain the Clerk of Court's signature and to effect

---

[4]  FRCP 26(g)(3) provides:

> If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both.  The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

Fed. R. Civ. P. 26(g)(3).

5

personal service was in contravention of FRCP 45's requirements.[5] Moreover, the four-day window to comply imposed an undue burden and was inconsistent with existing law. For these reasons, Starr is entitled to sanctions in the form of attorneys' fees and costs. Beaver Cty. Employees' Ret. Fund v. Tile Shop Holdings, Inc., No. 16-MC-80076-JSC, 2016 WL 7212308, at *4 (N.D. Cal. Dec. 13, 2016) (awarding sanctions pursuant to FRCP 45(d)(1)); Sec. & Exch. Comm'n v. Schooler, No. 316CV00517MMDWGC, 2016 WL 6821079, at *5 (D. Nev. Nov. 17, 2016) (awarding $10,661.00 in sanctions pursuant to FRCP 45(d)(1)).

A. Fee Award

Hawaii courts calculate reasonable attorneys' fees based on a method that is virtually identical to the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See DFS Group L.P. v. Paiea Props., 110 Hawai'i 217, 222, 131 P.3d 500, 505 (2006). The court must determine a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate. Id. at 222-23, 131 P.3d at 505-06.

1. Hourly Rates

Starr requests the following hourly rates for its

---

[5] Ms. Rucker inexplicably mailed the subject subpoena to Starr before obtaining a response to her request for issuance of the subpoenas from the Clerk's office and did not withdraw the subpoena after being informed that it was deficient.

counsel: 1) Lyle Hosoda - $280; 2) Kevin Morikone - $200; 3) Addison Bonner - $200; and 4) Kristen Yamamoto - $175. The Hawaii courts consider the reasonable hourly rate in a manner virtually identical to the traditional lodestar formulation and some courts have considered federal law in determining a reasonable hourly rate. See, e.g., Reiche v. Ferrera, No. 24449, 2003 WL 139608, at *8 (Haw. Ct. App. Jan. 16, 2003) ("The reasonable hourly rate is that prevailing in the community for similar work." (citing United States v. Metro. Dist. Comm'n, 847 F.2d 12, 19 (1st Cir. 1988)). The Court therefore finds that federal case law on the determination of a reasonable hourly rate is instructive in this case.

In determining the reasonableness of an hourly rate, the experience, skill, and reputation of the attorney requesting fees are taken into account. See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002). The reasonable hourly rate should reflect the prevailing market rates in the community. See id.; Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").

This Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill and reputation. Based on this

Court's knowledge of the community's prevailing rates, the hourly rates generally granted by the Court, the Court's familiarity with this case, and counsel's submissions, this Court finds the following rates to be manifestly reasonable: 1) Mr. Hosoda - $280;[6] 2) Mr. Morikone - $200;[7] 3) Mr. Bonner - $185;[8] and 4) Ms. Yamamoto - $175.

  2.  Hours Expended

Beyond establishing a reasonable hourly rate, a prevailing party seeking attorneys' fees bears the burden of

---

[6] See, e.g., Booth v. Wong, No. CIV. 10-00680 DKW-RLP, 2015 WL 4663994, at *3 (D. Haw. July 17, 2015), adopted by 2015 WL 4676343 (D. Haw. Aug. 5, 2015) (finding reasonable a $300 hourly rate for an attorney with 20 years of experience); Pelayo v. Platinum Limousine Servs., Inc., No. CV 15-00023 DKW-KJM, 2016 WL 5402185, at *5 (D. Haw. Sept. 27, 2016) (finding reasonable an hourly rate of $310 for an attorney with 27 years of experience).

[7] Pelayo, 2016 WL 5402185, at *5 (making an upward adjustment from $200 to $225 to the hourly rate for an attorney with 11 years of experience even though $200 was well within the range of reasonableness for the attorney's experience in order "to place counsel at the higher end of reasonable rates in this community, given the nature of this case, to ensure the availability of representation in cases where damages are low or non-existent, and to avoid stagnation of rates over time").

[8] Roberts v. City & Cty. of Honolulu, No. 15-00467 ACK-RLP, 2016 WL 3136856, at *4, *7 (D. Haw. June 3, 2016) (finding an hourly rate of $150.00 to be reasonable for an attorney with 7 years of experience); Hawaii Defense Found. v. City & Cty. of Honolulu, No. CIV. 12-00469 JMS-RLP, 2014 WL 2804448, at *5 (D. Haw. June 19, 2014) (concluding that $185 was at the higher end of reasonable rates for an attorney with 7.5 years); De-Occupy Honolulu v. City & Cty. of Honolulu, No. CIV. 12-00668 JMS-KSC, 2015 WL 1013834, at *10 (D. Haw. Mar. 9, 2015) ($185 hourly rate for attorney with approximately 8 years of experience).

proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained. Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted). The court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable. Id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)). Courts have the "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted). Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated. See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

After careful review of counsel's timesheets, the Court finds that reductions must be made for unrelated tasks, clerical tasks,[9] and block billing.[10] Applying these reductions, the Court

---

[9] "[C]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate." HRPT Props. Trust v. Lingle, 775 F. Supp. 2d 1225, 1241 (D. Haw. 2011) (alteration in original) (citations and quotations omitted). The following is a list of tasks previously deemed clerical or ministerial in this district and are therefore non-compensable:

> reviewing Court-generated notices; scheduling dates and deadlines; calendering dates and deadlines; notifying a client of dates and deadlines; preparing documents for filing with the Court; filing documents with the Court; informing

9

finds that counsel reasonably expended the following hours: 1) Mr. Hosoda - 6.7; 2) Mr. Morikone - 5.9; 3) Mr. Bonner - 1; and 4) Ms. Yamamoto - 3.7.  With the application of the respective hourly rates to the foregoing hours, Starr reasonably incurred **$3,888.50** in attorneys' fees.

---

>   a client that a document has been filed;
>   personally delivering documents; bates stamping
>   and other labeling of documents; maintaining and
>   pulling files; copying, printing, and scanning
>   documents; receiving, downloading, and emailing
>   documents; and communicating with Court staff.

Haw. Motorsports Inv., Inc. v. Clayton Grp. Servs., Inc., Civ. No. 09-00304 SOM-BMK, 2010 WL 4974867, at *5 (D. Haw. Dec. 1, 2010), adopted by 2010 WL 5395669 (D. Haw. Dec. 22, 2010) (also deeming clerical identification and organization of exhibits); see also, e.g., Yamada v. Weaver, Civil No. 10-00497 JMS-RLP, 2012 WL 6019363, at *10 (D. Haw. Aug. 30, 2012), adopted in pertinent part by 2012 WL 6019121 (D. Haw. Nov. 30, 2012) (deeming clerical work completed on table of authorities).

[10] "The term 'block billing' refers to the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." Robinson v. City of Edmond, 160 F.3d 1275, 1284 n.9 (10th Cir. 1998) (citations and quotation marks omitted).  Block billed entries generally fail to specify a breakdown of the time spent on each task.

District courts have the authority to reduce hours that are billed in block format because such a billing style makes it difficult for courts to ascertain how much time counsel expended on specified tasks. Welch v. Metro. Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007). See also id. (citing Role Models Am., Inc. v. Brownlee, 353 F.3d 962, 971 (D.C. Cir. 2004) (reducing requested hours because counsel's practice of block billing "lump[ed] together multiple tasks, making it impossible to evaluate their reasonableness")); see also Hensley, 461 U.S. at 437 (holding that applicant should "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims")).

B.  Costs

The $47.00 in requested costs represents the filing fee for this miscellaneous case. Because the initiation of this action was necessitated by the improper issuance of the subject subpoena, the Court includes the filing fee as part of the sanction award. Starr is therefore entitled to **$47.00** in costs.

CONCLUSION

In accordance with the foregoing, the Court HEREBY GRANTS Starr's Motion for Attorneys' Fees and Costs, filed July 12, 2017. Starr is awarded **$3,888.50** in attorneys' fees and costs and **$47.00** in costs. Ms. Rucker is to remit payment to defense counsel by **October 6, 2017**.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaii, September 15, 2017.



Kevin S.C. Chang
United States Magistrate Judge

MISC. NO. 17-00133 DKW-KSC; STARR ADJUSTMENT SERVICES, INC. V. RUCKER; ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEYS' FEES AND COSTS